# EXHIBIT A

**SUM-100**

| | FOR OFFICE USE ONLY |
|---|---|

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
NISSAN NORTH AMERICA, INC., a Delaware Corporation, and DOES 1
through 10, inclusive    Electronically FILED by Superior Court of California, County of Riverside on 02/24/2023 12:06 PM
Case Number CVSW2301860 0000050072202 - Marita C. Ford, Interim Executive Officer/Clerk of the Court By Lauren Garcia, Clerk

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
VICTORIA VALENZUELA, an individual, and DANIEL ALVAREZ, an
individual

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is: County of RIVERSIDE Superior Court | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* |
| SOUTHWEST JUSTICE CENTER, 30755-D Auld Road, Murrieta, CA 92563 | CVSW2301860 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kevin Y. Jacobson, Esq. and Daniel Nickfardjam, Esq.; QUILL & ARROW, LLP; 10900 Wilshire Boulevard, Suite 300, Los Angeles, CA 90024; Tel: (310) 933-4271

| DATE: | Clerk, by | *Sgarcia* | , Deputy |
|---|---|---|---|
| *(Fecha)* 02/24/2023 | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* NISSAN NORTH AMERICA, INC., a Delaware Corporation

under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

[SEAL]
GC68150(g)

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | | *www.courtinfo.ca.gov* |
| SUM-100 [Rev. July 1, 2009] | | |

Electronically FILED by Superior Court of California, County of Riverside on 02/24/2023 12:06 PM
Case Number CVSW2301860 0000050072199 - Marita C. Ford, Interim Executive Officer/Clerk of the Court By Lauren Garcia, Clerk

**QUILL & ARROW, LLP**
Kevin Y. Jacobson, Esq. (SBN 320532)
kjacobson@quillarrowlaw.com
Daniel Nickfardjam, Esq. (SBN 337855)
dnickfardjam@quillarrowlaw.com
e-service@quillarrowlaw.com
10900 Wilshire Boulevard, Suite 300
Los Angeles, CA, 90024
Telephone:      (310) 933-4271
Facsimile:      (310) 889-0645

Attorneys for Plaintiffs,
**VICTORIA VALENZUELA
AND DANIEL ALVAREZ**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF RIVERSIDE

| | |
|---|---|
| VICTORIA VALENZUELA, an individual, and DANIEL ALVAREZ, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>NISSAN NORTH AMERICA, INC., a Delaware Corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:  CVSW2301860<br>Unlimited Jurisdiction<br><br>**COMPLAINT**<br><br>1. **VIOLATION OF SONG-BEVERLY ACT - BREACH OF EXPRESS WARRANTY**<br>2. **VIOLATION OF SONG-BEVERLY ACT - BREACH OF IMPLIED WARRANTY**<br>3. **VIOLATION OF THE SONG-BEVERLY ACT SECTION 1793.2** |

Plaintiffs, VICTORIA VALENZUELA, an individual, and DANIEL ALVAREZ, an individual ("Plaintiffs"), allege as follows against Defendant NISSAN NORTH AMERICA, INC., a Delaware Corporation ("NISSAN NORTH AMERICA, INC."), and DOES 1 through 10 inclusive, on information and belief, formed after a reasonable inquiry under the circumstances:

## DEMAND FOR JURY TRIAL

1.      Plaintiffs, VICTORIA VALENZUELA and DANIEL ALVAREZ, hereby demand trial by jury in this action.

## GENERAL ALLEGATIONS

2.      Plaintiffs, VICTORIA VALENZUELA and DANIEL ALVAREZ, are individuals residing in the City of Jurupa Valley, State of California.

3.      Defendant, NISSAN NORTH AMERICA, INC., is and was a Delaware Corporation operating and doing business in the State of California.

4.      These causes of causes of action arise out of warranty and repair obligations of NISSAN NORTH AMERICA, INC. in connection with a vehicle Plaintiffs purchased and for which NISSAN NORTH AMERICA, INC. issued a written warranty. The warranty was not issued by the selling dealership.

5.      Plaintiffs do not know the true names and capacities, whether corporate, partnership, associate, individual, or otherwise of Defendant issued herein as Does 1 through 10, inclusive, under the provisions of section 474 of the California Code of Civil Procedure. Defendant Does 1 through 10, inclusive, are in some manner responsible for the acts, occurrences, and transactions set forth herein, and are legally liable to Plaintiffs. Plaintiffs will seek leave to amend this Complaint to set forth the true names and capacities of the fictitiously named Defendant, together with appropriate charging allegations, when ascertained.

6.      All acts of corporate employees as alleged were authorized or ratified by an officer, director, or managing agent of the corporate employer.

7.      Each Defendant, whether actually or fictitiously named herein, was the principal, agent (actual or ostensible), or employee of each other Defendant, and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and

- 2 -
**COMPLAINT**

1   omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiffs for the relief

2   prayed for herein.

3       8.    On April 5, 2022, Plaintiffs purchased a 2020 Nissan Pathfinder having VIN No.:

4   5N1DR2AN1LC592469 ("the Subject Vehicle"). These causes of action arise out of warranty and

5   repair obligations of NISSAN NORTH AMERICA, INC. in connection with a vehicle that

6   Plaintiffs purchased and for which NISSAN NORTH AMERICA, INC. issued a written warranty.

7   The warranty was not issued by the selling dealership.

8       9.    NISSAN NORTH AMERICA, INC. warranted the Subject Vehicle and agreed to

9   preserve or maintain the utility or performance of Plaintiffs' vehicle or to provide compensation if

10   there was a failure in such utility or performance. In connection with the purchase, Plaintiffs

11   received various warranties, inter alia, a 3-year/36,000 mile express bumper to bumper warranty, a

12   5-year/60,000 mile powertrain warranty which, inter alia, covers the engine and the transmission,

13   as well as various emissions warranties that exceed the time and mileage limitations of the bumper

14   to bumper and powertrain warranties.

15       10.    The Subject Vehicle was delivered to Plaintiffs with serious defects and

16   nonconformities to warranty and developed other serious defects and nonconformities to warranty

17   including, but not limited to, engine, electrical, and emission system defects.

18       11.    Plaintiffs hereby revoke acceptance of the sales contract.

19       12.    Pursuant to the Song-Beverly Consumer Warranty Act (hereinafter the "Act") Civil

20   Code sections 1790 *et seq.* the Subject Vehicle constitutes "consumer goods" used primarily for

21   family or household purposes, and Plaintiffs have used the vehicle primarily for those purposes.

22       13.    Plaintiffs are the "buyers" of consumer goods under the Act.

23       14.    Defendant, NISSAN NORTH AMERICA, INC., is a "manufacturer" and/or

24   "distributor" under the Act.

25       15.    Plaintiffs hereby demand trial by jury in this action.

26   **FIRST CAUSE OF ACTION**

27   **Violation of the Song-Beverly Act – Breach of Express Warranty**

28       16.    Plaintiffs incorporate herein by reference each and every allegation contained in the

- 3 -

**COMPLAINT**

1    preceding and succeeding paragraphs as though herein fully restated and re-alleged.

2         17.    The Subject Vehicle was sold to Plaintiffs with express warranties that the Subject

3    Vehicle would be free from defects in materials, nonconformity, or workmanship during the

4    applicable warranty period and to the extent that the Subject Vehicle had defects, Defendant

5    NISSAN NORTH AMERICA, INC. would repair the defects.

6         18.    The Subject Vehicle was delivered to Plaintiffs with serious defects and

7    nonconformities to warranty and developed other serious defects and nonconformities to warranty

8    including, but not limited to, engine, electrical, and emission system defects.

9         19.    Pursuant to the Song-Beverly Consumer Warranty Act (hereinafter the "Act") Civil

10   Code sections 1790 *et seq.* the vehicle constitutes "consumer goods" used primarily for family or

11   household purposes, and Plaintiffs have used the Subject Vehicle primarily for those purposes.

12        20.    Plaintiffs are the "buyers" of consumer goods under the Act.

13        21.    Defendant, NISSAN NORTH AMERICA, INC., is a "manufacturer" and/or

14   "distributor" under the Act.

15        22.    The foregoing defects and nonconformities to warranty manifested themselves in

16   the Subject Vehicle within the applicable express warranty period. The nonconformities

17   substantially impair the use, value, and/or safety of the vehicle.

18        23.    Plaintiffs delivered the vehicle to an authorized NISSAN NORTH AMERICA, INC.

19   repair facility for repair of the nonconformities.

20        24.    Defendant was unable to conform Plaintiffs' vehicle to the applicable express

21   warranty after a reasonable number of repair attempts.

22        25.    Notwithstanding Plaintiffs' entitlement, Defendant NISSAN NORTH AMERICA,

23   INC. has failed to either promptly replace the new motor vehicle or to promptly make restitution in

24   accordance with the Song-Beverly Act.

25        26.    By failure of Defendant to remedy the defects as alleged above or to issue a refund

26   or replacement vehicle, Defendant is in breach of its obligations under the Song-Beverly Act.

27        27.    Under the Act, Plaintiffs are entitled to reimbursement of the price paid for the

28   vehicle less that amount directly attributable to use by the Plaintiff prior to the first presentation of

- 4 -

**COMPLAINT**

1  the nonconformities.

2      28.     Plaintiffs are entitled to all incidental, consequential, and general damages resulting

3  from Defendant's failure to comply with its obligations under the Song-Beverly Act.

4      29.     Plaintiffs are entitled under the Song-Beverly Act to recover as part of the judgment

5  a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably

6  incurred in connection with the commencement and prosecution of this action.

7      30.     Because Defendant willfully violated the Song-Beverly Act, Plaintiffs are entitled,

8  in addition to the amounts recovered, a civil penalty of up to two times the amount of actual

9  damages for NISSAN NORTH AMERICA, INC.'s willful failure to comply with its

10  responsibilities under the Act.

11              **SECOND CAUSE OF ACTION**

12      **Violation of the Song-Beverly Act – Breach of Implied Warranty**

13      31.     Plaintiffs incorporate herein by reference each and every allegation contained in the

14  preceding and succeeding paragraphs as though herein fully restated and re-alleged.

15      32.     NISSAN NORTH AMERICA, INC. and its authorized dealership at which

16  Plaintiffs purchased the subject vehicle had reason to know the purpose of the Subject Vehicle at

17  the time of sale of the subject vehicle.  The sale of the Subject Vehicle was accompanied by implied

18  warranties provided for under the law.

19      33.     Among other warranties, the sale of the Subject Vehicle was accompanied by an

20  implied warranty that the Subject vehicle was merchantable pursuant to Civil Code section 1792.

21      34.     Pursuant to Civil Code section 1791.1 (a), the implied warranty of merchantability

22  means and includes that the Vehicle will comply with each of the following requirements: (1) The

23  Vehicle will pass without objection in the trade under the contract description; (2) The Vehicle is

24  fit for the ordinary purposes for which such goods are used; (3) The Vehicle is adequately

25  contained, packaged, and labelled; (4) The Vehicle will conform to the promises or affirmations of

26  fact made on the container or label.

27      35.     The Subject Vehicle was not fit for the ordinary purpose for which such goods are

28  used because it was equipped with one or more defective vehicle systems/components.

- 5 -

**COMPLAINT**

36.   The Subject Vehicle did not measure up to the promises or facts stated on the container or label because it was equipped with one or more defective vehicle systems/components.

37.   The Subject Vehicle was not of the same quality as those generally accepted in the trade because it was sold with one or more defective vehicle systems/components, which manifested as engine, electrical, and emission system defects.

38.   Upon information and belief, the defective vehicle systems and components were present at the time of sale of the Subject Vehicle; thus, extending the duration of any implied warranty under *Mexia v. Rinker Boat Co., Inc.* (2009) 174 Cal.App.4th 1297, 1304–1305 and other applicable laws.

39.   Plaintiffs are entitled to justifiably revoke acceptance of the subject vehicle under Civil Code, section 1794, *et seq.*

40.   Plaintiffs hereby revoke acceptance of the Subject Vehicle.

41.   Plaintiffs are entitled to replacement or reimbursement pursuant to Civil Code, section 1794, *et seq.*

42.   Plaintiffs are entitled to rescission of the contract pursuant to Civil Code, section 1794, *et seq.* and Commercial Code, section 2711.

43.   Plaintiffs are entitled to recover any incidental, consequential, and/or "cover" damages under Commercial Code, sections 2711, 2712, and Civil Code, section 1794, *et seq.*

## THIRD CAUSE OF ACTION

### Violation of the Song-Beverly Act Section 1793.2(b)

44.   Plaintiffs incorporate herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

45.   Pursuant to Civil Code, section 1793.2, subdivision (a) a manufacturer that sells consumer goods in California, for which it has made an express warranty, shall maintain service and repair facilities or designate and authorize independent service and repair facilities to carry out the terms of those warranties.

46.   Pursuant to Civil Code, section 1793.2, subdivision (b), when service and repair of goods are necessary because they do not conform with the applicable express warranties, service

- 6 -

**COMPLAINT**

1    and repair shall be commenced within a reasonable time by the manufacturer or its representative.

2    47.    Civil Code, section 1793.2, subdivision (b) further states that goods shall be serviced

3    or repaired so as to conform to the applicable warranties within 30 days and/or within a reasonable

4    time.

5    48.    The sale of the Subject Vehicle was accompanied by express warranties, including

6    a warranty guaranteeing that the subject vehicle was safe to drive and not equipped with defective

7    parts, including the electrical system.

8    49.    Plaintiffs delivered the subject vehicle to NISSAN NORTH AMERICA, INC.'s

9    authorized service representatives on multiple occasions. The subject vehicle was delivered for

10   repairs of defects, which amount to nonconformities to the express warranties that accompanied

11   the sale of the subject vehicle.

12   50.    Defendant's authorized facilities did not conform the Subject Vehicle to warranty

13   within 30-days and/or commence repairs within a reasonable time, and NISSAN NORTH

14   AMERICA, INC. has failed to tender the subject vehicle back to Plaintiff in conformance with its

15   warranties within the timeframes set forth in Civil Code section 1793.2(b).

16   51.    Plaintiffs are entitled to justifiably revoke acceptance of the subject vehicle under

17   Civil Code, section 1794, *et seq.*

18   52.    Plaintiffs hereby revoke acceptance of the subject vehicle.

19   53.    Plaintiffs are entitled to replacement or reimbursement pursuant to Civil Code,

20   section 1794, *et seq.*

21   54.    Plaintiffs are entitled to rescission of the contract pursuant to Civil Code section

22   1794, *et seq.* and Commercial Code, section 2711.

23   55.    Plaintiffs are entitled to recover any "cover" damages under Commercial Code

24   sections 2711, 2712, and Civil Code, section 1794, *et seq.*

25   56.    Plaintiffs are entitled to recover all incidental and consequential damages pursuant

26   to 1794 *et seq* and Commercial Code sections, 2711, 2712, and 2713 *et seq.*

27   57.    Plaintiffs are entitled in addition to the amounts recovered, a civil penalty of up to

28   two times the amount of actual damages in that NISSAN NORTH AMERICA, INC. has willfully

- 7 -

**COMPLAINT**

failed to comply with its responsibilities under the Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant, as follows:

1.  For general, special, and actual damages according to proof at trial;

2.  For rescission of the purchase contract and restitution of all monies expended;

3.  For diminution in value;

4.  For incidental and consequential damages according to proof at trial;

5.  For civil penalty in the amount of two times Plaintiffs' actual damages;

6.  For prejudgment interest at the legal rate;

7.  For reasonable attorney's fees and costs of suit; and

For such other and further relief as the Court deems just and proper under the circumstances.

Dated:   February 24, 2023

QUILL & ARROW, LLP

Kevin Y. Jacobson, Esq.
Daniel Nickfardjam, Esq.
Attorneys for Plaintiffs,
**VICTORIA VALENZUELA**
**DANIEL ALVAREZ**

Plaintiffs, VICTORIA VALENZUELA and DANIEL ALVAREZ, hereby demand trial by jury in this action.

- 8 -
**COMPLAINT**

Electronically FILED by Superior Court of California, County of Riverside on 02/24/2023 12:06 PM
Case Number CVSW2301860 0000050072200 - Marita C. Ford, Interim Executive Officer/of the Court By Lauren Garcia, Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

| | | |
|---|---|---|
| ☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220 | ☒ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563 | |
| ☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225 | ☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 | |
| ☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882 | ☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501 | |
| ☐ **HEMET** 880 N. State St., Hemet, CA 92543 | ☐ **TEMECULA** 41002 County Center Dr., #100, Temecula, CA 92591 | |
| ☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553 | | |

RI-CI032

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)*
Kevin Y. Jacobson, Esq. (SBN 320532)
QUILL & ARROW LLP
10900 Wilshire Boulevard, Suite 300, Los Angeles, CA 90024

TELEPHONE NO: (310) 933-4271    FAX NO. *(Optional)*: (310) 889-0645
E-MAIL ADDRESS *(Optional)*: kjacobson@quillarrowlaw.com
ATTORNEY FOR *(Name)*: Victoria Valenzuela and Daniel Alvarez

FOR COURT USE ONLY

PLAINTIFF/PETITIONER: Victoria Valenzuela and Daniel Alvarez

DEFENDANT/RESPONDENT: Nissan North America, Inc.

CASE NUMBER:
CVSW2301860

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒   The action arose in the zip code of:   92591

☐   The action concerns real property located in the zip code of:   _____

☐   The Defendant resides in the zip code of:   _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date   February 24, 2023

Kevin Y. Jacobson, Esq.                                    ► _Kevin Y Jacobson_
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)          (SIGNATURE)

Approved for Mandatory Use
Riverside Superior Court
RI-CI032  [Rev. 08/15/13]
(Reformatted 01/07/19)

**CERTIFICATE OF COUNSEL**

Page 1 of 1
Local Rule 1.0015
riverside.courts.ca.gov/localforms/localforms.shtml

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* <br> Kevin Y. Jacobson, Esq. (SBN 320532) <br> Daniel Nickfardjam, Esq. (SBN 337855) <br> QUILL & ARROW, LLP <br> 10900 Wilshire Boulevard, Suite 300, Los Angeles, CA 90024 <br> TELEPHONE NO.: (310) 933-4271     FAX NO. *(Optional):* (310) 889-0645 <br> E-MAIL ADDRESS: e-service@quillarrowlaw.com <br> ATTORNEY FOR *(Name):* Plaintiffs: VICTORIA VALENZUELA and DANIEL ALVAREZ | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** RIVERSIDE
STREET ADDRESS: 30755-D Auld Road
MAILING ADDRESS: 30755-D Auld Road
CITY AND ZIP CODE: Murrieta, CA 92563
BRANCH NAME: SOUTHWEST JUSTICE CENTER

Electronically FILED by Superior Court of California, County of Riverside on 02/24/2023 12:06 PM
Case Number CVSW2301860 0000050072201 - Marita C. Ford, Interim Executive Officer/Clerk of the Court By Lauren Garcia, Clerk

**CASE NAME:**
VALENZUELA, VICTORIA et al. v. NISSAN NORTH AMERICA, INC.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | **CASE NUMBER:** CVSW2301860 |
|---|---|---|
| �●Unlimited (Amount demanded exceeds $25,000) ☐Limited (Amount demanded is $25,000 or less) | ☐Counter ☐Joinder <br> Filed with first appearance by defendant *(Cal. Rules of Court, rule 3.402)* | JUDGE: <br> DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☑ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* 3
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: February 24, 2023

Kevin Y. Jacobson, Esq.
(TYPE OR PRINT NAME)                                     ▶  *Kevin Y. Jacobson*
                                                             (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

CV SW 23 01 860

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) (if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability (not asbestos or
toxic/environmental) (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) (not civil
harassment) (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
(not medical or legal)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract (not unlawful detainer
or wrongful eviction)
Contract/Warranty Breach–Seller
Plaintiff (not fraud or negligence)
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage (not provisionally
complex) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (not eminent
domain, landlord/tenant, or
foreclosure)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
(arising from provisionally complex
case type listed above) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment (non-
domestic relations)
Sister State Judgment
Administrative Agency Award
(not unpaid taxes)
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (not specified
above) (42)
Declaratory Relief Only
Injunctive Relief Only (non-
harassment)
Mechanics Lien
Other Commercial Complaint
Case (non-tort/non-complex)
Other Civil Complaint
(non-tort/non-complex)

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition (not specified
above) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Southwest Justice Center
30755-D Auld Road, Murrieta, CA 92563
www.riverside.courts.ca.gov

**Case Number:**  CVSW2301860

**Case Name:**  VALENZUELA vs NISSAN NORTH AMERICA, INC., A DELAWARE CORPORATION

## NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Angel M. Bermudez in Department S302 for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316).  Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml.  If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing.  If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

Dated: 03/14/2023

MARITA C. FORD,
Interim Court Executive Officer/Clerk of the Court

by: *Sgarcia*

_____
L. Garcia, Deputy Clerk

CI-NODACV
(Rev. 02/16/21)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
### Southwest Justice Center
30755-D Auld Road, Murrieta, CA 92563
www.riverside.courts.ca.gov

**Case Number:**   CVSW2301860

**Case Name:**   VALENZUELA vs NISSAN NORTH AMERICA, INC., A DELAWARE CORPORATION

KEVIN JACOBSON
10900 WILSHIRE BLVD. SUITE 300
Los Angeles, CA 90024

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|:---:|:---:|:---:|
| 09/11/2023 | 8:30 AM | Department S302 |
| Location of Hearing: 30755-D Auld Road, Murrieta, CA 92563 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-954-8695 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)




| Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 03/14/2023

MARITA C. FORD,
Interim Court Executive Officer/Clerk of the Court

by: *Sgarcia*
_____
L. Garcia, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Southwest Justice Center
30755-D Auld Road, Murrieta, CA 92563
www.riverside.courts.ca.gov

**Case Number:**  CVSW2301860

**Case Name:**  VALENZUELA vs NISSAN NORTH AMERICA, INC., A DELAWARE CORPORATION

VICTORIA VALENZUELA

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 09/11/2023 | 8:30 AM | Department S302 |
| Location of Hearing: | | |
| 30755-D Auld Road, Murrieta, CA 92563 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-954-8695 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)




Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.

Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.)

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 03/14/2023

MARITA C. FORD,
Interim Court Executive Officer/Clerk of the Court

by:  *Sgarcia*
_____
L. Garcia, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Southwest Justice Center
30755-D Auld Road, Murrieta, CA 92563
www.riverside.courts.ca.gov

**Case Number:**   CVSW2301860

**Case Name:**   VALENZUELA vs NISSAN NORTH AMERICA, INC., A DELAWARE CORPORATION

DANIEL ALVAREZ

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|:---:|:---:|:---:|
| 09/11/2023 | 8:30 AM | Department S302 |
| Location of Hearing: | | |
| 30755-D Auld Road, Murrieta, CA 92563 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-954-8695 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)




Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.

Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.)

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 03/14/2023

MARITA C. FORD,
Interim Court Executive Officer/Clerk of the Court

by: *Sgarcia*

———————————————————
L. Garcia, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Southwest Justice Center
30755-D Auld Road, Murrieta, CA 92563
www.riverside.courts.ca.gov

**Case Number:**   CVSW2301860

**Case Name:**   VALENZUELA vs NISSAN NORTH AMERICA, INC., A DELAWARE CORPORATION

NISSAN NORTH AMERICA, INC., A DELAWARE CORPORATION

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 09/11/2023 | 8:30 AM | Department S302 |
| Location of Hearing: | | |
| 30755-D Auld Road, Murrieta, CA 92563 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-954-8695 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)





| Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 03/14/2023

MARITA C. FORD,
Interim Court Executive Officer/Clerk of the Court

by: *Sgarcia*

L. Garcia, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

Notice has been printed for the following Firm/Attorneys or Parties: CVSW2301860

JACOBSON, KEVIN
10900 WILSHIRE BLVD, SUITE 300
Los Angeles, CA 90024

VALENZUELA, VICTORIA

NISSAN NORTH AMERICA, INC., A
DELAWARE CORPORATION

ALVAREZ, DANIEL